UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHARISSA SMITH,

        Plaintiff,

v.

CAROLYN COLVIN,

        Defendant.

CASE NO. C14-5480JLR

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 13)), the objection of the Commissioner of the Social Security Administration ("Commissioner") to the R&R (Obj. (Dkt. # 14)), and the response of Plaintiff Kharissa Smith to the Commissioner's objection (Resp. (Dkt. # 15)). The court has carefully reviewed the foregoing, all other relevant documents, and the governing law. Being fully advised, the court ADOPTS in

part and REJECTS in part the R&R, REVERSES the decision of the Commissioner, and REMANDS the case for further administrative proceedings.

## II. BACKGROUND

Ms. Smith is a 32-year-old veteran, who was deployed to Afghanistan from March 2004 to March 2005, and to Iraq from September 2009 to November 2009. She served as an intelligence analyst and a "human intelligence collector" or interrogator. Upon her return from her deployment in Iraq, she remained on active duty in the supportive environment of the "Warrior Transition Battalion." She was subsequently medically discharged from the military in February 2012.

On March 1, 2013, Ms. Smith applied for disability insurance benefits ("DIB"), alleging an onset date of February 27, 2012. On March 13, 2014, an administrative law judge ("ALJ") issued a decision finding Ms. Smith not disabled and denying her benefits. The ALJ found that Ms. Smith could perform a specific job existing in significant numbers in the national economy. Ms. Smith appealed the ALJ's decision to the Appeals Council of the Social Security Administration ("SSA"), which denied her appeal, rendering the ALJ's decision the "final decision" of the Commissioner under 42 U.S.C. § 405(g).

On June 17, 2014, Ms. Smith timely filed the present action challenging the Commissioner's decision. (*See* Compl. (Dkt. # 1).) Magistrate Judge Donohue issued an R&R reversing the ALJ's decision and remanding the action for an award of benefits to Ms. Smith. (*See generally* R&R.) The Commissioner timely filed an objection to the R&R. (*See* Obj.) The Commissioner's only objection concerned Magistrate Judge

Donohue's remand for an award of benefits under the "credit-as-true" rule. (*Id.* at 2-6.) The Commissioner argues that the matter should be remanded for further administrative proceedings. (*Id.*) Ms. Smith filed a response urging the court to reject the Commissioner's objection and adopt the R&R in total. (*See generally* Resp.) The court now considers Magistrate Judge Donohue's R&R.

### III.   ANALYSIS

**A.  Standard of Review**

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

**B.  Remand**

The sole objection asserted by the Commissioner was Magistrate Judge Donohue's recommendation that this matter be remanded for an award of benefits rather than for further administrative proceedings. (*See generally* Obj.) The ordinary remand rule provides that when "the record before the agency does not support the agency action, . . . the agency has not considered all relevant factors, or . . . the reviewing court simply

cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir.2014). This rule applies equally in SSA cases. *Id.* at 1099.

Under the Social Security Act, however, Congress has granted courts some additional flexibility "to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)); *see also Treichler*, 775 F.3d at 1099. Thus, although "the proper course" when the SSA errs in considering a claimant's application is to remand to the agency for additional investigation or explanation "except in rare circumstances," *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), courts may remand with instructions to calculate and award benefits when it is clear from the record that an SSA claimant is entitled to benefits, *Garrison*, 759 F.3d at 1019.

The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the

ORDER- 4

ALJ would be required to find the claimant disabled on remand." *Id.* at 1020.[1] The credit-as-true doctrine, however, allows "flexibility" which "is properly understood as requiring courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021. Even when the circumstances are present to remand for benefits, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Treichler*. 775 F.3d at 1102 (quoting Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989)); *see also Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the exercise of authority to remand for benefits "was intended to be discretionary and should be reviewed for abuse of discretion").

      Magistrate Judge Donohue identified and analyzed several errors and reversed the ALJ with respect to her assessment of Ms. Smith's credibility. (R&R at 6-10.) The court agrees with the Commissioner, however, that Magistrate Judge Donohue's evaluation of the ALJ's adverse credibility finding implicitly acknowledged that the evidence could be interpreted differently. (*See* Obj. at 5 (citing R&R at 7-8).) Further, there was additional

---

[1] The court notes that there appears to be conflicting authority on the particulars of application of the credit-as-true rule. *Garrison* states that the third factor—whether the record requires a finding of disability if the rejected testimony is credited—incorporates the question of whether there are any outstanding issues that must be resolved before a determination of disability can be made. *See* 759 F.3d at 1020 n.26. In other words, the inquiry is whether, after crediting the testimony, anything must be resolved in order to determine the claimant's disability. *See id*. A few months later, in *Treichler*, the Ninth Circuit held that a court must determine that there are no outstanding issues before crediting the rejected testimony. 775 F.3d at 1105-06.

ORDER- 5

opinion evidence in the record that did not favor a finding of disability that was given significant weight by the ALJ (*see* ALJ Ruling (Dkt. # 7-2) at 19 (discussion the mental assessments performed by state agency consultants Kent Reade, Ph.D., and Patricia Kraft, Ph.D.)), but was not considered by Magistrate Judge Donohue (*see generally* R&R). After the ALJ corrects the deficiencies in her analysis noted in the R&R, as amended by this order, she will need to reexamine all of the evidence in the record as whole under proper five-step analysis.[2]  Thus, remand for further administrative proceedings is appropriate here.

Finally, the court agrees that in at least one instance, Magistrate Judge Donohue improperly substituted his judgment for that the ALJ in his evaluation of the ALJ's assessment of the opinion of treating psychotherapist, Dr. Kelly Dickinson, Ph.D.  (*See* Obj. at 6 (citing R&R at 13).)  One of the ALJ's bases for discounting Dr. Dickson's opinion was Dr. Dickinson's statement that suicide ideation was one of the symptoms that applied to Ms. Smith's diagnoses.  (*See* R&R at 13 (citing AR at 20).)  The ALJ concluded that this statement was "patently inconsistent" with Dr. Dickinson's treatment notes, as well as the treatment notes from the Veterans Administration and McChord Medical clinic.  (R&R at 13.)  Magistrate Judge Donohue found that the ALJ had erred in criticizing Dr. Dickinson's opinion on this basis.  (R&R at 13.)  Nevertheless, Magistrate

---

[2] Of course, even if a treating physician's opinion is contradicted by other evidence in the record, a treating physician's opinion may not be rejected without "specific and legitimate reasons . . . supported by substantial evidence in the record." *Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011) (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)).  Nevertheless, this evaluation should be performed by the ALJ, not the court.

Judge Donohue acknowledged that "[t]he ALJ is correct that in that Dr. Dickinson and other physicians have not had reports of suicidal ideation and have identified plaintiff as low suicide risk." (*Id.* (citing AR at 284, 286, 293, 297, 299, 396, 405).) Instead, Magistrate Donohue searched the record from three years prior to the onset date to a suicide attempt during Ms. Smith's deployment in 2009 and to more recent "morbid thoughts" and "morbid ruminations" about wishing she had died previously or could escape her current emotional distress to nevertheless find that the ALJ had erred. (*Id.*) The court notes, however, that although Ms. Smith may have been having "morbid" ruminations or thoughts, she specifically denied having thoughts of harming herself to Dr. Dickinson. (*See* R&R (citing AR at 420, 396).)

Magistrate Judge Donohue did not apply the correct standard of review in this instance. Even if a reviewing court finds that there is conflicting evidence in the record, the ALJ's findings must still be affirmed if they are supported by substantial evidence in the record as a whole. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). Magistrate Judge Donohue acknowledges in his own R&R that Dr. Dickinson and the other physicians did not have reports of suicidal ideation and had identified Ms. Smith as a low suicide risk. (R&R at 13.) Although Ms. Smith may have made a suicide attempt in 2009 (three years prior to the onset date), substantial evidence supports the ALJ's conclusion that, contrary to the statement in Dr. Dickinson's opinion, she was no longer subject to such thoughts. Thus, remand for further proceedings is

ORDER- 7

warranted for this reason as well so that the ALJ may reevaluate Dr. Dickinson's opinion and either the ALJ or the parties may supplement the record if warranted.

Based on all of the above, the court concludes that this case is not suitable for remand for an award of benefits under the credit-as-true rule, but rather should be remanded for further administrative proceedings that are otherwise consistent with this order and the R&R as modified by this order. Except for REJECTING the portion of the R&R that remands this action for an award of benefits and as otherwise stated above, the court ADOPTS all remaining portions of the R&R.

## IV.  CONCLUSION

Based on the foregoing, the court ORDERS as follows:

(1) The court ADOPTS in part and REJECTS in part the R&R (Dkt. # 13);

(2) The court REVERSES the final decision of the Commissioner and REMANDS the case to the Social Security Administration for further administrative proceedings consistent with this order and the R&R as modified by this order;

(3) The court DIRECTS the clerk to send copies of this order to the parties and to Magistrate Judge Donohue.

Dated this 4th day of June, 2015.

JAMES L. ROBART
United States District Judge